**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JOHN DOE 1 and JOHN DOE 2, on** | § | |
| **Behalf of themselves and others** | § | |
| **similarly situated,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No.: 4:21-cv-3036** |
| | § | |
| **HARRIS COUNTY, TEXAS, *et. al*,** | § | |
| **Defendants.** | § | |

<u>**DEFENDANTS HARRIS COUNTY, LINA HIDALGO, RODNEY ELLIS, ADRIAN
GARCIA, R. JACK CAGLE, TOM S. RAMSEY AND EDWARD GONZALEZ'
OPPOSED MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants HARRIS COUNTY, LINA HIDALGO, RODNEY ELLIS, ADRIAN

GARCIA, R. JACK CAGLE, TOM S. RAMSEY, and EDWARD GONZALEZ (collectively

"County Defendants" or by individual name) files this Opposed Motion to Dismiss Plaintiffs' First

Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support

of said motion, County Defendants would respectfully show the Court as follows:

## TABLE OF CONTENTS

Table of Contents ....................................................................................................................ii

Table of Authorities ...............................................................................................................iii

I.      Statement of Nature of Case and Stage of Proceeding................................................ 1

II.     Statement of Issues and Standard of Review .............................................................. 1

III.    Argument and Authorities ........................................................................................... 3

    A.      Plaintiffs' Claims Against County Defendants Fail as a Matter of Law. ........................3
        1.   Commissioners Court Not a Proper Party........................................................3
        2.   Official Capacity Claims against County Officials Fail as a Matter of Law ....................................................................................................................4
        3.   Fourteenth Amendment Claims Fail as a Matter of Law ...........................5

    B.      Plaintiffs' Request for Injunctive Relief and/or Declaratory Judgement Fail as a Matter of Law ...................................................................................................12

    C.      Conclusion ....................................................................................................16

# TABLE OF AUTHORITIES

**Cases**

*Aetna Life Ins. Co of Hartford, Conn. v. Haworth*, 300 U.S. 227 (1937)........................................ 15

*Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620 (5th Cir. 2001)................... 3

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................................... 2, 3

*Beleno v. Lakey*, 306 F.Supp.3d 930 (W.D. Tex. 2009) ................................................... 9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................................... 2, 3

*Black Fire Fighters Ass'n v. City of Dallas, Tex.*, 905 F.2d 63 (5th Cir. 1990) ................ 14

*Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995).............................................. 3

*Broussard v. Basaldua*, 410 Fed. App'x. 838 (5th Cir. 2011) ...................................... 7

*Cabrol v. Town of Youngsville*, 106 F.3d 101 (5th Cir. 1997)...................................... 11

*Canal Auth. v. Callaway*, 489 F.2d 567 (5th Cir. 1974) ............................................. 14

*Cancino v. Cameron Cnty, Tex.*, 794 Fed. Appx. 414 (5th Cir. 2019) ......................... 5

*Chacon v. Granata*, 515 F.2d 922 (5th Cir. 1975)...................................................... 15

*City of El Paso v. Heinrich*, 284 S.W.3d 366 (Tex. 2009) ........................................... 8

*Connick v. Thompson*, 563 U.S. 51 (2011) ............................................................... 12

*Culbertson v. Lykos*, 790 F.3d 608 (5th Cir. 2015).............................................. 12, 13

*Darby v. Pasadena Police Dep.'t.*, 939 F.2d 311 (5th Cir. 1991) ................................. 4

*Davidson v. Canon*, 474 U.S. 344 (1986) ................................................................. 5

*Davidson v. City of Stafford,* 848 F.3d 384 (5th Cir. 2017)........................................ 12

*de Jesus Benavides v. Santos*, 883 F.2d 385 (5th Cir. 1989) ............................... 5, 6, 7

*DeShaney v. Winnebago Cnty. Dept of Soc. Servs.*, 109 S.Ct. 998 (1989)..................... 6

*Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel Keys*, 675 F.3d 849(5th Cir. 2012)......... 6

*Doe v. Megless*, 654 F.3d 404 (3rd Cir. 2011) ........................................................... 3

*Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278 (5th Cir. 1993)....................... 3

*Finch v. Fort Bend Indep. Sch. Dist.,*333 F.3d 555 (5th Cir.2003) ............................ 11

*Goodman v. Harris County*, 571 F.3d 388 (5th Cir. 2009)........................................... 4

*Gordon v. City of Dallas*, 826 F.3d 280 (5th Cir. 2016)............................................. 12

*Greene v. Plano Indep. Sch. Dist.*, 103 Fed. App'x 542 (5th Cir. 2004).......................... 6

*Griffin v. Birkman*, 266 S.W.3d 189 (Tex. App.-Austin 2008) ..................................... 9

*Hale v. King*, 642 F.3d 492 (5th Cir. 2011) ....................................................... 3, 12

*Hall v. McRaven*, 508 S.W.3d 232 (Tex. 2017)........................................................ 10

*Harvey v. Montgomery Cnty, Tex.*, 881 F.Supp.2d 785 (S.D. Tex. Apr. 30, 2012)................... 13

*Hicks v. Tarrant Cnty Sheriff's Dept.*, 352 F. App'x 876 (5th Cir. 2009) *rec. adopted*, 2013 WL
    12098685 (W.D. Tex. May 20, 2013).............................................................. 4

*Honors Acad., Inc. v. Tex. Educ. Agency*, 555 S.W3rd 54 (Tex. 2018) ......................... 8

*Hous. Belt & Terminal Ry. v. City of Houston*, 487 S.W.3d 154 (Tex. 2016)................... 8

*Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986)................................................... 2

*Johnson v. Rodriguez*, 110 F.3d 299 (5th Cir. 1997) .......................................... 11, 12

*Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335
    F.3d 357 (5th Cir. 2003) .......................................................................... 14

*Karnatcheva v. JPMorgan Chase Bank*, 704 F.3d 545 (8th Cir. 2013)....................... 16

*Keller v. Fleming¸*952 F.3d 216 (5th Cir. 2020) ....................................................... 5

*Leal v. McHugh*, 731 F.3d 405 (5th Cir. 2013)........................................................ 2

*Lowe v. Ingalls Shipbuilding, A Div of Litton Sys., Inc.*, 723 F.2d 1173 (5th Cir. 1984) ............ 15

*Maryland Manor Assoc. v. City of Houston*, 816 F.Supp.2d 394 (S.D. Tex. 2011) ...................... 7

*Miss. Power & Light Co., v. United Gas Pipe Line Co.,* 760 F.2d 618 (5th Cir. 1985) .............. 14

*Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978) ................................... 12

*Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145 (5th Cir. 2010) ............................ 2

*Moore v. Texas Court of Criminal Appeals*, A-12-CA-529 LY, 2013 WL 12097786 (W.D. Tex. Jan. 2, 2013) ................................................................................................................................ 4

*Morin v. Caire*, 77 F.3d 116 (5th Cir. 1996).................................................................................. 2

*Muncy v. City of Dallas, Tex.*, 335 F.3d 394 (5th Cir. 2003)........................................................ 11

*Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891 (5th Cir. 2000) .............................................. 15

*Pena v. City of Rio Grande City*, 879 F.3d 615 5th Cir. 2018)..................................................... 13

*Peterson v. City of Fort Worth*, 588 F.3d 838 (5th Cir. 2009)............................................... 12, 13

*Pidgeon v. Turner*, 538 S.W.3d 73 (Tex. 2017) ........................................................................... 8

*Planned Parenthood Ass'n of Hidalgo Cnty, Tex., v. Suehs*, 692 F.3d 343 (5th Cir. 2012)......... 14

*Ramming v. United States*, 281 F.3d 158 (5th Cir. 2001).............................................................. 1

*Rios v. City of Del Rio, Tex.*, 444 F.3d 417 (5th Cir. 2006)........................................................... 6

*Roach v. Ingram*, 557 S.W.3d 203 (Tex. App. 2018).................................................................... 9

*Rowan Co., Inc. v. Griffin*, 876 F.2d 26 (5th Cir. 1989)............................................................... 15

*Shaw v. Villanueva*, 918 F.3d 414 (5th Cir. 2019) ....................................................................... 3

*Simi Inv. Co., Inc. v. Harris Cnty., Texas*, 236 F.3d 240 (5th Cir. 2000)................................. 7, 8

*Stem v. Gomez,* 813 F.3d 205 (5th Cir. 2016)......................................................................... 8, 11

*Taylor v. Books A Million, Inc.*, 296 F.3d 376 (5th Cir. 2002)...................................................... 3

*Tex. Med. Providers Performing Abortion Servs. v. Lakey*, 667 F.3d 570 (5th Cir. 2012) .......... 14

*Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774 (5th Cir. 1993) ........... 15

*U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375 (5th Cir. 2003) ............. 3

*United States v. Abou-Kassem*, 78 F.3d 161 (5th Cir. 1996)....................................................... 11

*Valle v. City of Houston*, 613 F.3d 536 (5th Cir. 2010)............................................................... 12

*Vineyard Investments, L.L.C. v. The City of Madison, Miss*, 440 Fed.Appx. 310 (5th Cir. 2011) . 7

*Watts v. Northside Ind. Sch. Dist.*, 37 F.4th 1094 (5th Cir. 2022)................................................. 5

*Wheeler v. Miller*, 168 F.3d 241 (5th Cir. 1999) ......................................................................... 11

**Statutes**

Fed. R. Civ. P. 10(a) ..................................................................................................................... 3

Fed. R. Civ. P. 12(b)(6)................................................................................................................. 1

Fed. R. Civ. P. 65(a) ................................................................................................................... 14

Fed. R. Civ. P. 8(a) ..................................................................................................................... 16

Fed. R. Civ. P. 8(a)(2) .................................................................................................................. 2

Tex. Admin. Code §297.11 .......................................................................................................... 10

Tex. Loc. Gov't Code §351.041 .................................................................................................... 9

Tex. Loc. Gov't Code §351.015 ................................................................................................... 10

## I.        STATEMENT OF NATURE OF CASE AND STAGE OF PROCEEDING

1.        This lawsuit stems from Plaintiffs' complaints of an "overly dangerous" work environment created by County Defendants from September 20, 2019 to present [Doc. #25]. Plaintiffs allege that County Defendants have violated their due process and equal protection rights under the Fourteenth Amendment by not adequately staffing or funding the Harris County jails ("jails"). Plaintiffs also allege that County Defendants have acted *ultra vires* by not funding the jails adequately and by failing to maintain state-mandated jail standards. Plaintiffs seek a declaratory judgment and injunctive relief regarding this understaffing.

2.        Plaintiffs filed this lawsuit on September 20, 2021 [Doc. #2]. County Defendants filed a timely Rule 12(b)(6) motion [Doc. #8]. This Court conditionally granted the Rule 12(b)(6) motion and allowed Plaintiffs to amend their complaint to "fully cure" the pleading deficiencies [Doc. #20]. Based on the Amended Complaint, Plaintiffs have failed to cure the pleading deficiencies and continue to fail to state a claim up which relief can be granted against the County Defendants. For the reasons stated herein, County Defendants respectfully moves this Court to dismiss Plaintiffs' claims against them pursuant to Rule 12(b)(6).

## II.        STATEMENT OF ISSUES AND STANDARD OF REVIEW

3.        **Statement of Issues**.  The issues to be ruled upon by the Court as follows:

    (a) Whether Plaintiffs failed to state any §1983 claim against County Defendants upon which relief can be granted.

    (b) Whether Plaintiffs failed to establish that they are entitled to injunctive relief and/or declaratory judgment.

4.        **Standard of Review.**  If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. *See* Fed. R. Civ. P. 12(b)(6); *see also Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (a Rule 12(b)(6) motion is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable

claim"). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the complaint and must be evaluated solely on the basis of the pleadings. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft,* 556 U.S. at 678-679. Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

5.      Surviving a motion to dismiss, therefore, requires more than hinting at "a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678. A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*.

6.      "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v.*

*Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (internal citation omitted). However, courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions. *See Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft*, 556 US at 678); *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("Plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim").

7.      "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 544. Thus, dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620, 624 (5th Cir. 2001) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)); *see also Hale*, 642 F.3d at 499. Conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *Taylor*, 296 F.3d at 378 (quoting *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993)).

## III.      ARGUMENT AND AUTHORITIES

**A.      Plaintiffs' Claims Against County Defendants Fail as a Matter of Law.**

### 1.  Commissioners Court Not a Proper Party

8.      Plaintiffs have named Harris County Commissioners Court as a party and such is improper [Doc. #25, ¶7]. First, Rule 10(a) requires that the "title of the complaint must name all parties." Fed. R. Civ. P. 10(a); *see also Doe v. Megless*, 654 F.3d 404, 408 (3rd Cir. 2011). Commissioners Court is only listed in the body of the complaint, not the title. Thus, a violation of

Rule 10(a). Second, in order for a department of a governmental entity to be sued, that department must enjoy a separate jural authority and legal existence. *Darby v. Pasadena Police Dep.'t.*, 939 F.2d 311, 313-14 (5th Cir. 1991). It is well established that Harris County Commissioners Court is not a jural entity subject to suit. *See Moore v. Texas Court of Criminal Appeals*, A-12-CA-529 LY, 2013 WL 12097786, at *5 (W.D. Tex. Jan. 2, 2013) ("Courts have thus concluded County Commissioners Courts in Texas are without a separate jural existence and are not subject to suit.") (citing *Hicks v. Tarrant Cnty Sheriff's Dept.*, 352 F. App'x 876, 878 (5th Cir. 2009) *rec. adopted*, 2013 WL 12098685 (W.D. Tex. May 20, 2013) (district court did not err in dismissing claims against Commissioners Court where plaintiff failed to show court is separate legal entity subject to suit)). Therefore, Harris County Commissioners Court lacks the capacity to be sued separate and apart from Harris County. As such, Plaintiffs have failed to state a claim upon which relief can be grated against Commissioners Court and their complaint against Commissioners Court should be dismissed as a matter of law.

### 2. Official Capacity Claims against County Officials Fail as a Matter of Law

9.      Plaintiffs have brought this lawsuit against Judge Hidalgo, Sheriff Gonzalez, Commissioner Ellis, Commissioner Garcia, Commissioner Cagle and Commissioner Ramsey (collectively "County Officials") in their official capacities [Doc. #25, caption]. "[O]fficial-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009) (quoting *Monell*, 436 U.S. at 691–95). Thus, any official capacity-suit against the County Officials would be subsumed within the identical claims against Harris County. *Goodman*, 571 F.3d. at 396. Plaintiffs' claims against the County Officials in their official capacities should, therefore, be dismissed as a matter of law.

### 3.   Fourteenth Amendment Claims Fail as a Matter of Law

10.     Plaintiffs assert multiple claims of violation of their due process rights based on the alleged understaffing and inadequate funding of the jails which results in an unsafe work environment [Doc. #25, ¶¶ 111-196]. "The Due Process Clause of the Fourteenth Amendment is not implicated by the lack of due care of an official causing an unintended injury to life, liberty or property." *Davidson v. Canon*, 474 U.S. 344, 347 (1986); *see also Collins v. City of Harker Heights, TX.,* 503 U.S. 115, 126 (1992) (substantive due process clause does not guarantee certain minimal levels of safety and security).  In short, "where a state actor is merely negligent in causing the injury, no procedure for compensation is constitutionally required" because there is a distinction between a state law tort and a constitutional wrong. *Id.*; *see also de Jesus Benavides v. Santos*, 883 F.2d 385, 388 (5th Cir. 1989). Thus, and for the reasons stated below, Plaintiffs have failed to state a claim upon which relief can be granted against County Defendants and such claims should be dismissed as a matter of law.

11.     **The Fifth Circuit Does Not Recognize a § 1983 Claim Based on the State-Created Danger Theory**. Plaintiffs, like in their original complaint, base their Fourteenth Amendment substantive due process claim on a state-created danger theory [Doc. #25, ¶¶ 111-147]. The "Fifth Circuit has steadfastly declined to recognize [the state-created danger theory of liability]" in §1983 cases. *Cancino v. Cameron Cnty, Tex.*, 794 Fed. Appx. 414, 416 (5th Cir. 2019). Just last month, the Fifth Circuit reaffirmed this principle. *See Watts v. Northside Ind. Sch. Dist.*, 37 F.4th 1094 (5th Cir. 2022) ("A claim [like the state-created danger theory] that we have expressly not recognized is the antithesis of a clearly established one." (citing *Keller v. Fleming*, 952 F.3d 216, 227 (5th Cir. 2020)). Even if the Circuit recognized this theory of liability, Plaintiffs must allege facts sufficient to show that County Defendants (1) used their authority to create a dangerous environment for Plaintiffs, and (2) acted with deliberate indifference to Plaintiffs' plight. *See Doe*

*ex rel. Magee v. Covington Cnty. Sch. Dist. ex. rel Keys*, 675 F.3d 849, 865 (5th Cir. 2012). Based on the Amended Complaint, Plaintiffs have failed to plead facts that would amount to a constitutional violation.

12.    "The Due Process Clause does not impose an independent federal obligation upon [governmental entities] to provide certain minimal levels of safety and security in the workplace." *Collins,* 503 U.S. at 129. In short, failure to provide a safe working environment is not something the Due Process Clause protected against. Further, the complained of risks or dangers in Plaintiffs' work environment is common to all jail employees rather than a known plaintiff and are based on possible actions of unknown third parties. The "failure to protect an individual against [possible actions of unknown third parties] simply does not constitute a violation of the Due Process Clause." *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 (5th Cir. 2006) (citing *DeShaney v. Winnebago Cnty. Dept of Soc. Servs.*, 109 S.Ct. 998, 1004 (1989)); *see also Doe*, 675 F.3d at 865.

13.    Additionally, "a government employer's failure to warn its employees about known hazards in the workplace does not violate the Due Process Clause even if such a failure is actionable under state law." *Collins,* 503 U.S. at 117. The Due Process Clause does not guarantee government employees, like the Plaintiffs, a workplace that is free of unreasonable risks of harm. *See id.* at 129. Accordingly, "a government employer does not violate the Due Process Clause even if it provides a workplace that is unreasonably dangerous and fails to warn its employees of the danger." *Greene v. Plano Indep. Sch. Dist.*, 103 Fed. App'x 542, 545 (5th Cir. 2004).

14.    **There is no special relationship.**  The "special relationship" exception does not apply in this case because such only arises in a custodial context, not in an employment context. *See Santos*, 883 F.2d at 388; *Collins*, 503 U.S. at 129. The Fifth Circuit has "specifically distinguished between prison employees, [like Plaintiffs], and the type of custodian protected by the special relationship

exception, explaining that prison employees accept jobs 'on terms they [find] satisfactory' and are 'free to quit whenever they please.'" *Santos*, 883 F.2d at 388; *see also Broussard v. Basaldua*, 410 Fed. App'x. 838, 839 (5th Cir. 2011) (per curium).  Simply, Plaintiffs, who work voluntarily, do not have the "special relationship" necessary to impose liability against the County Defendants under §1983. Because neither the state-state created danger theory nor the special relationship exception apply in this case, Plaintiffs cannot establish that they were deprived of their due process rights, they fail to state a cognizable claim under §1983 for which relief can be granted and such claims must be dismissed as a matter of law.

15.     Equally, and as previously pointed out by the Court, County Defendants' "choices regarding funding and staffing of the Harris County Jail are 'simply too far down the causal chain of events' for liability under the Due Process Clause in this case." [Doc. #20, pg.24]. Plaintiffs, therefore, have failed to state any viable due process claim against County Defendants and such should be dismissed as a matter of law.

16.     **Plaintiffs' Second Claim**. Substantive due process prohibits arbitrary, wrongful government actions that deprive individuals of constitutionally protected rights. *See Maryland Manor Assoc. v. City of Houston*, 816 F.Supp.2d 394, 406 (S.D. Tex. 2011). To survive a substantive due process challenge, the governmental decision must be "rationally related to a legitimate government interest." *Vineyard Investments, L.L.C. v. The City of Madison, Miss*, 440 F. App'x. 310, 313 (5th Cir. 2011). The only relevant question for this rational basis analysis, therefore, is whether a rational relationship exists between the decision and a conceivably legitimate government objective. *See Simi Inv. Co., Inc. v. Harris Cnty., Texas*, 236 F.3d 240, 251 (5th Cir. 2000) "The true purpose of the [action], (i.e., the actual purpose that may have motivated its proponents, assuming this can be known) is irrelevant for rational basis analysis." *Id.* at 254.

Thus, if the question is at least debatable, there is no substantive due process violation. *See Id*. at 251.

17.     Plaintiffs claim that their due process rights were violated because the understaffing and underfunding of the jails [Doc. #25 ¶¶150-155]. They have reframed their earlier state-created danger theory into a straight substantive due process claim; however, that repackaging is unavailing for the reasons stated above in paragraphs 11-15. Budget constraints are a legitimate government interest and the due process clause "is not a guarantee against incorrect or ill-advised personnel decisions." *Collins*, 503 U.S.at 129. Additionally, "failure to provide a plaintiff with a safe working environment was not something due process protected against." *Id.* at 127; *see also Greene,* 103 Fed. App'x at 544-45. Therefore, Plaintiffs have failed to state a substantive due process claim against County Defendants upon which relief can be granted and such claim must be dismissed as a matter of law.

18.     **Plaintiffs' Third and Sixth Claims**. Plaintiffs' *ultra vires* claims against all named defendants are based on allegations of inadequate funding for operations and minimum staffing at the jails [Doc. #25, ¶¶158-159]. With regards to Harris County, this claim fails because the County is cloaked by sovereign immunity and not a proper party to an *ultra vires* claim. *See Pidgeon v. Turner*, 538 S.W.3d 73, 88 (Tex. 2017).

19.     Harris County's sovereign immunity from suit extends to its officials who act consistently with the law, but not to those officials who engaged in *ultra vires* acts. *See Hous. Belt & Terminal Ry. v. City of Houston*, 487 S.W.3d 154, 164 (Tex. 2016) ; *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009); *see also Stem v. Gomez,* 813 F.3d 205, 214 (5th Cir. 2016). "It is not an *ultra vires* act for an official to make an erroneous decision within the authority granted." *Honors Acad., Inc. v. Tex. Educ. Agency*, 555 S.W3rd 54, 68 (Tex. 2018). "Merely alleging *ultra vires* or

unconstitutional conduct by a state official does not mean that the [plaintiff] has avoided sovereign immunity and invoked the trial court's inherent jurisdiction; the [plaintiff] must allege facts that constitute *ultra vires* or unconstitutional acts." *Roach v. Ingram*, 557 S.W.3d 203, 225 (Tex. App.-Houston [14th Dist.] 2018). Plaintiffs have failed to carry this pleading burden and County Officials retain the extension of immunity from Harris County [Doc. #25, ¶¶194-196].

20.     First, the creation of the budget for Harris County departments is a legislative function that carries broad discretion in making budgetary decisions. *See Griffin v. Birkman*, 266 S.W.3d 189, 194-195 (Tex. App.-Austin 2008) (internal citation omitted). The budget process "combines inextricably the two legislative powers of 'taxation' and 'appropriation,' the latter being a distribution and setting aside of parts of the total available revenue among the various government functions, operations, and programs." *Id.*. "The correlation of total revenue and expenditure, and apportionment of the former among the various county functions, operations, and programs, *in the overall public interest,* is the essence of the decision making entrusted to the judgment of the Commissioners Court. There could be no clearer grant of *discretionary* power." *Id.*(emphasis added). An *ultra vires* claim cannot be "predicated on the alleged violation of discretionary duties." *Beleno v. Lakey*, 306 F.Supp.3d 930, 941 (W.D. Tex. 2009) (internal citation omitted). Accordingly, the allocation of funds is a discretionary budget decision and such does not amount to an *ultra vires* act. Therefore, County Officials remain cloaked by immunity and Plaintiffs' *ultra vires* claim fails as a matter of law.

21.     Second, Plaintiffs' *ultra vires* claim predicated on the alleged failure to meet minimum staffing standards also fails as a matter of law. Texas law designates the sheriff of each county as the "keeper of the county jail," not Commissioners Court. *See* Tex. Loc. Gov't Code §351.041. Thus, Plaintiffs' *ultra vires* claim against Judge Hidalgo, Commissioner Ellis, Commissioner

Garcia, Commissioner Cagle and Commissioner Ramsey fails to establish they acted without legal authority or any authority and these defendants remain cloaked by immunity.

22.     The *ultra vires* claim against Sheriff Gonzalez and his operation of the jails "depends on the scope of [his], not the correctness of [his] decisions." *Hall v. McRaven*, 508 S.W.3d 232, 234 (Tex. 2017). "It is not an *ultra vires* act for [Sheriff Gonzalez] to make even an erroneous decision within the authority granted to [him]." *Id* at 242 & n.4. Here, Sheriff Gonzalez' actions to manage the jail do not conflict with his express statutory duty and thus, no *ultra vires* conduct. Plaintiffs simply disagree with his management decisions. Further and as stated above, Plaintiffs have not pled sufficient facts to show that Sheriff Gonzalez' management of the jail has implicated a constitutionally protected right and has failed to establish any unconstitutional acts as the basis for their *ultra vires* exception to immunity. As such, Plaintiffs' *ultra vires* claim fails as a matter of law.

23.     Additionally, Plaintiffs' jail standard claim is not properly before this court because the minimum jail operation standards are enforceable by the Texas Commission on Jail Standards only. *See* Tex. Loc. Gov't Code §351.015. Texas law provides for administrative review of the enforcement of these standards by the Commission on Jail Standards. *See* Tex. Admin. Code §297.11. As a result, the Texas Local Government Code bars private lawsuits or subject matter jurisdiction in courts that second-guess the exercise of a Sheriff's broad discretion in operating a jail. Plaintiffs, thus, have failed to state an *ultra vires* claim against Sheriff Gonzalez and County Officials for which relief could be granted and such must be dismissed as a matter of law.

24.     **Plaintiffs' Fourth Claim**. Plaintiffs allege that liability attaches to County Defendants for reputational interests related to disciplinary actions [Doc. #25, ¶¶175-179]. Here, Plaintiffs mix tort and constitutional theories. The Fifth Circuit has held that "mere injury to reputation, even if

defamatory, does not constitute the deprivation of a liberty interest." *Finch v. Fort Bend Indep. Sch. Dist.,*333 F.3d 555, 561 n. 3 (5th Cir.2003) (rejecting a former school principal's claim of a liberty interest in her good name). Thus, this tort-based theory does not support a cognizable claim.

25.     **Plaintiffs' Fifth Claim**. Plaintiffs allege their property interests in employee benefits were taken in contravention of the Fifth Amendment [Doc. #25, ¶¶181-192]. Plaintiffs correctly concede that in Texas, a presumption exists that employment is at-will unless that relationship has been expressly altered. *See Muncy v. City of Dallas, Tex.*, 335 F.3d 394, 398 (5th Cir. 2003). Moreover, a property interest is not incidental to public employment, but rather must emanate from an independent source. *See Muncy*, 335 F.3d at 398; *see also Cabrol v. Town of Youngsville*, 106 F.3d 101, 105 (5th Cir. 1997) ("The Fourteenth Amendment's Due Process Clause does not create a property interest in government employment." (internal citations omitted)). Indeed, conditioning a governmental employee's removal on compliance with certain specified procedures does not create a substantive property interest in continued employment that otherwise does not exist. *See e.g.,* Stem (finding no property right exists). Accordingly, Plaintiffs due process takings claim must be dismissed.

26.     **Equal Protection Claim.** Plaintiffs' Equal Protection Claim is nothing more than a label contained in introductory paragraph [Doc. #25, ¶1]. Under the Fourteenth Amendment, "a party who wishes to make out an Equal Protection claim must prove 'the existence of purposeful discrimination' motivating the [governmental] action which caused the complained-of injury." *Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir. 1997). As a prerequisite to state an equal protection claim, the plaintiff must prove that he was treated differently than a similarly situated individual without a rational basis. *Wheeler v. Miller*, 168 F.3d 241, 252 (5th Cir. 1999); *United States v. Abou-Kassem*, 78 F.3d 161, 165 (5th Cir. 1996). "[I]f the challenged government action

does not appear to classify or distinguish between two or more relevant persons or groups, then the action—even if irrational—does not deny them equal protection of the laws." *Johnson*, 110 F.3d at 306 (internal quotation marks omitted).

27.     Here, Plaintiffs have failed to allege any facts or make a recital of the elements of this cause of action. In short, Plaintiffs have failed to state an equal protection claim against County Defendants upon which relief can be granted and such must be dismissed as a matter of law. *See Hale*, 642 F.3d at 499.

**B.     Plaintiffs Fail to State a Viable *Monell* Claim Against Harris County**

28.     Assuming arguendo that the Court finds that Plaintiffs have properly brought Harris County into this lawsuit, which the County denies, Harris County states that it is not liable for Plaintiffs' alleged injuries. "[U]nder §1983, local governments are responsible <u>only</u> for 'their own illegal acts.'" *Connick v. Thompson*, 560 U.S. 51, 60 (2011) (emphasis added); *see also Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). The alleged constitutional violations must be "directly attributable to [Harris County] through some sort of official action or imprimatur; isolated actions by [Harris County] employees will almost never trigger liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *see also Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009); *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010). As a result, Harris County cannot be held liable on a *respondeat superior* basis.  *See Connick*, 560 U.S. at 60; *Monell*, 436 U.S. at 694; *Davidson v. City of Stafford,* 848 F.3d 384, 395 (5th Cir. 2017); *see also Culbertson v. Lykos*, 790 F.3d 608, 628 (5th Cir. 2015) (quoting *Piotrowski*, 237 F.3d at 578). For purposes of a Rule 12(b)(6) motion, a plaintiff must plead facts from which the court can reasonably infer that "the challenged policy was promulgated or ratified by the city's policymaker." *See Gordon v. City of Dallas*, 826 F.3d 280, 285 (5th Cir. 2016).

29.     Plaintiffs, here, have not identified any specific, officially-promulgated written policy

statement, regulation or decision of Harris County that allegedly caused a violation of their constitutional rights. Nor have they established a factual basis for a persistent or widespread practice of Harris County officials that was so common and well-settled as to constitute a custom that fairly represents a County policy. Rather, Plaintiffs make broad conclusory allegations that County Officials have continually and knowingly understaffed the jails creating a dangerous work environment [Doc. #25].  Such general allegations fall short of alleging an official Harris County policy or custom that allegedly caused a violation of Plaintiffs' constitutional rights that is necessary to state a *Monell* claim. *See Piotrowski*, 237 F.3d at 578-549; *Pena v. City of Rio Grande City*, 879 F.3d 615, 621 (5th Cir. 2018). "The description of [an official] policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts." *Pena*, 879 F.3d at 622 (citation omitted). Bare, unsubstantiated statements and conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal.  *See Taylor*, 296 F.3d at 378 (internal citation omitted).

30.     Moreover, the facts relating to the alleged incorrect or ill-advised personnel decisions do not plausibly establish an official policy or custom of Harris County. Plaintiffs instead list numerous dates of understaffing but fail to allege facts to establish a pattern that equates to an official policy of Harris County. *See Peterson*, 588 F.3d at 851 ("a pattern requires similarity and specificity; prior indications cannot simply be for any and all 'bad' or unwise acts, but rather must point to the specific violation in question"); *see also Culbertson,* 790 F.3d at 629 (affirming dismissal of [government's] liability claim because allegations were limited to the events surrounding the plaintiff). Conclusory allegations are insufficient to establish the existence of an unwritten policy, practice or custom. *See Harvey v. Montgomery Cnty, Tex.*, 881 F.Supp.2d 785, 797 (S.D. Tex. Apr. 30, 2012).  As a result, Plaintiffs have failed to state a claim against Harris

County for which relief can be granted and their §1983 claims against Harris County should be dismissed as a matter of law.

### C.   Plaintiffs' Request for Injunctive Relief and/or Declaratory Judgement Fail as a Matter of Law

31.   **Injunctive Relief.**  Rule 65(a), Federal Rules of Civil Procedure, authorizes the district courts to issue a preliminary injunction after notice to the adverse party in order to protect a plaintiff from irreparable injury and to preserve judicial power to render a decision after trial on the merits.  *Canal Auth. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). "A preliminary injunction is 'an extraordinary remedy' which should only be granted if the party seeking the injunction has 'clearly carried the burden of persuasion' on all four requirements." *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003)(internal citation omitted); *Planned Parenthood Ass'n of Hidalgo Cnty, Tex., v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012).

32.   The four requirements for a preliminary injunction that a movant must demonstrate are: "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction were not granted, (3) that [their] substantial injury outweighed the threatened harm to the party whom [they] sought to enjoin, and (4) that granting the preliminary injunction would not disserve the public interest." *Suehs*, 692 F.3d at 348 (citing *Tex. Med. Providers Performing Abortion Servs. v. Lakey*, 667 F.3d 570, 574 (5th Cir. 2012).  These requirements are not balanced, but rather each one must be met before the court can grant the drastic remedy of a temporary restraining order.  *Miss. Power*, 760 F. 2d at 621.  Therefore, if the movant fails to clearly carry its burden with respect to any one of the four criteria, the preliminary injunction should be denied as a matter of law.  *Black Fire Fighters Ass'n v. City of Dallas, Tex.*, 905 F.2d 63, 65 (5th Cir. 1990).

33.   Plaintiffs' complaint amounts to nothing more than labels, conclusions and "naked

assertions devoid of factual enhancement," which is insufficient to carry their burden of persuasion for injunctive relief. For the reasons stated above, Plaintiffs have failed to state a claim under the Fourteenth Amendment to the U.S. Constitution or 42 U.S.C. §1983 for which relief may be granted and thus, not likely to succeed on the merits (first element). There are no facts to establish that: (1) the harm to the plaintiff is imminent, (2) injury would be irreparable, and (3) that the plaintiff has no other adequate remedy. *See Chacon v. Granata*, 515 F.2d 922, 925 (5th Cir. 1975). Thus, no irreparable harm (second element). Plaintiffs have failed to show that the threatened injury to them outweighs the injury to County Defendants, who have a legitimate government interest – budget constraints (third element). Last, Plaintiffs have failed to show that the injunction would serve a public interest.   As such, Plaintiffs have failed to carry their burden to have injunctive relief granted by this Court.

34.   **Declaratory Judgment**.   The Declaratory Judgment Act does not create an independent cause of action; rather, it provides a form of relief.   *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173 (5th Cir. 1984); *Aetna Life Ins. Co of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937).   When considering a declaratory judgment action, the Fifth Circuit has delineated a three-step inquiry.   *See Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891 (5th Cir. 2000).   First, the court must consider whether the declaratory action is justiciable, which means that there must be an actual controversy between the parties to the action.   *Rowan Co., Inc. v. Griffin*, 876 F.2d 26, 27-28 (5th Cir. 1989).   Second, the court must determine if it has the authority to grant declaratory relief in the case at bar.   *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993).   Third, the court must determine whether to exercise its broad discretion to dismiss a declaratory judgment action.   *Id.* at 778.

35.    A complaint for declaratory relief must meet the pleading standards of Rule 8(a). *Karnatcheva v. JPMorgan Chase Bank*, 704 F.3d 545, 547 (8th Cir. 2013).  Here, Plaintiffs contend that entitled to declaratory judgment because County Defendants violated their Fourteenth Amendment rights by creating an "overly dangerous" work atmosphere [Doc. #25]. As stated above, the due process clause "is not a guarantee against incorrect or ill-advised personnel decisions" and "failure to provide a plaintiff with a safe working environment was not something due process protected against." *Collins*, 503 U.S.at 129.  Therefore, Plaintiffs have failed to carry their burden to have a declaratory judgment granted in their favor by this Court.

**D.    Conclusion**

36.    For the reasons stated above, Plaintiffs have failed to state any claim upon which relief can be granted against County Defendants. Accordingly, County Defendants are entitled to dismissal of all claims against them as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendants HARRIS COUNTY, LINA HIDALGO, RODNEY ELLIS, ADRIAN GARCIA, R. JACK CAGLE, TOM S. RAMSEY, and EDWARD GONZALEZ request that this Court grant this motion to dismiss and grant all other relief to which these defendants are entitled.

Respectfully submitted,

OF COUNSEL:

CHRISTIAN D. MENEFEE
TEXAS BAR NO. 24088049
HARRIS COUNTY ATTORNEY

JONATHAN G.C. FOMBONNE
TEXAS BAR NO. 24102702
FIRST ASSISTANT COUNTY ATTORNEY

Date:  July 15, 2022.          By:     /s/ Jennifer F. Callan
                                       JENNIFER F. CALLAN
                                       Assistant County Attorney
                                       ATTORNEY-IN-CHARGE
                                       State Bar No. 00793715
                                       Fed. Bar No. 22721
                                       Tel: (713) 274-5146 (direct)
                                       Fax: (713) 755-8823
                                       jennifer.callan@harriscountytx.gov

                                       JAMES C. BUTT
                                       Assistant County Attorney
                                       State Bar No. 24040354
                                       Fed. Bar No. 725423
                                       Phone:  (713) 274-5133 (direct)
                                       james.butt@harriscountytx.gov

                                       Harris County Attorney's Office
                                       1019 Congress, 15th Floor
                                       Houston, Texas 77002

                            **Attorneys for County Defendants**

## CERTIFICATE OF CONFERENCE

Undersigned conferred with counsel for Plaintiffs via email on June 29, 2022 regarding their position on County Defendants' motion to dismiss as required by Court's procedure. Plaintiffs' counsel is opposed to the filing of a motion to dismiss; but informed undersigned that Plaintiffs had no objection if County Defendants needed additional time to file this motion to dismiss.

                                       /s/ Jennifer F. Callan
                                       Jennifer F. Callan

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this certificate is attached was filed with the clerk of the court using CM/ECF system, which will send electronic notification for those listed of record who receive electronically filed documents:

David J. Batton                    J. Marcus Hill
Robin Foster                       1770 St. James Place, Ste. 115
3130 North Freeway                 Houston, Texas 77056
Houston, Texas 77009

                                       /s/ Jennifer F. Callan
                                       Jennifer F. Callan

17