United States District Court
Southern District of Texas
**ENTERED**
November 18, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DOE 1, *et al.*, | § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-21-03036 |
| HARRIS COUNTY, TEXAS, *et al.*, | § § § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

On April 22, 2022, the Court conditionally granted the Defendants' first motion to dismiss and warned that this case would be dismissed within thirty days unless Plaintiffs submitted an Amended Complaint that, among other things, "fully cures the deficiencies in the Complaint that are explained in [the Court's April 2022 Memorandum and Order] for any claim asserted in the Amended Complaint, if such is possible." Doc. No. 20 at 29.

Plaintiffs subsequently submitted a First Amended Complaint. Doc. No. 25. Defendants have filed a motion to dismiss that amended complaint (Doc. No. 27), and Plaintiffs have filed a response in opposition (Doc. No. 33). For the reasons explained in the Court's April 2022 Memorandum and Order and for the reasons that follow, the Court GRANTS the motion to dismiss, DISMISSES the federal claims with prejudice on the merits, and DISMISSES the state law claims without prejudice for lack of jurisdiction.

I. **BACKGROUND**

The background facts were set forth in the Court's April 2022 Memorandum and Order and need not be repeated at length here. *See* Doc. No. 20 at 1-16. Plaintiffs, who are current and former jailers, medical personnel, and/or correctional supervisors at the Harris County Jail, repeat some of their allegations about the "overly dangerous" working conditions in the Jail in their Amended Complaint and assert the following claims: (1) Fourteenth Amendment substantive due process claim based on a state-created danger theory (Claim 1); (2) Fourteenth Amendment substantive due process claim based on understaffing policies creating a hostile and abusive work environment (Claim 2); (3) *ultra vires* claims regarding a failure to provide funding and minimum staffing in violation of state law minimum jail standards (Claim 3); (4) Fourteenth Amendment due process claim regarding negative or defamatory employment reports or investigations regarding those employees who notify Defendants that they desire to retire, transfer, or leave the Sheriff's Office (Claim 4); (5) Fifth Amendment takings claim based on Defendants' failure to protect Plaintiffs, which "negatively devalu[es]" Plaintiffs' property (Claim 5); (6) *ultra vires* claim regarding basic funding and noncompliance with the Texas Commission on Jail Standards (TCJS) (Claim 6).

Plaintiffs request declaratory and injunctive relief, seeking to force Defendants to increase funding and to stop understaffing the Jail. Among other things, Plaintiffs want an injunction ordering Defendants: to stop further defunding and be ordered to properly provide funding; to stop further violations of due process regarding plaintiffs' property interests; to provide a staffing and funding plan to be implemented in 60 days or less; to be

prohibited from using jail funding for discretionary purposes that do not involve the jail; and to pay attorney fees and costs. *See* Doc. No. 25 at 40.

In their response to the motion to dismiss, Plaintiffs include a one-sentence request to amend, but do not state what facts they would plead to cure their pleadings or submit a proposed second amended complaint that addresses the deficiencies identified by the Defendants in their motion to dismiss or by the Court in its previous order. *See* Doc. No. 33 at 15.

## II.   **LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), the district court construes the allegations in the complaint favorably to the pleader and accepts as true all well-pleaded facts in the complaint. *La Porte Construction Co. v. Bayshore Nat'l Bank of La Porte, Tex.*, 805 F.2d 1254, 1255 (5th Cir. 1986). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "A pleading

that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## III. DISCUSSION

### A. Federal Claims

Plaintiffs claim that Defendants have violated their rights under 42 U.S.C. § 1983 in connection with their working conditions and employment at the Harris County Jail. Section 1983 does not grant substantive rights, but provides a vehicle for a plaintiff to vindicate rights protected by the United States Constitution and other federal laws. *Albright v. Oliver,* 510 U.S. 266, 271 (1994). It provides a cause of action for individuals who have been "depriv[ed] of [their] rights, privileges, or immunities secured by the Constitution and laws" of the United States by a "person" acting under color of state law. *Id.* at 315.

A plaintiff seeking relief under section 1983 must establish two elements: (1) that the conduct complained of was committed under color of law, and (2) that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999); *Hernandez v. Maxwell,* 905 F.2d 94, 95 (5th Cir. 1990) (citing *Daniel v. Ferguson,* 839 F.2d 1124, 1128 (5th Cir. 1998)).

Municipalities and other bodies of local government are "persons" within the meaning of section 1983. *Monell v. Department of Social Services,* 436 U.S. 658, 690 (1978). A municipality may be liable under § 1983 if the execution of one of its customs

or policies causes a violation of a plaintiff's constitutional rights. *Id.* at 690-91. To state a claim for municipal liability under § 1983, a plaintiff must identify (a) a policymaker, (b) an official policy [or custom or widespread practice], and (c) a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (holding that a plaintiff must show that the unconstitutional conduct is attributable to the municipality through some official custom or policy that is the "moving force" behind the constitutional violation) (*citing Monell*, 436 U.S. at 694).

Accordingly, to succeed on a section 1983 claim against either an individual state actor or a municipality, whether seeking monetary or injunctive relief, a plaintiff must show, among other things, a violation of federal constitutional or federal statutory law. As explained in the Court's April 2022 Memorandum and Order and in the discussion that follows, Plaintiffs do not state a viable section 1983 claim against the Defendants because they fail to allege facts to state a violation of federal statutory or constitutional law.

### 1. Fourteenth Amendment State-Created Danger

Plaintiffs allege that Defendants "created or exacerbated the danger of private violence by inmates against individual jail employees that would not exist other than Defendants' failure to perform their ministerial duties of providing required minimum funding for operation of the jail facilities under minimum standards required by TCJS." Doc. No. 25 at 24-25. They argue that they are being subjected to inevitable serious harm due to Defendants' conduct and that Defendants' acts or omissions were deliberately,

purposely, and knowingly done in reckless disregard of Plaintiffs' constitutional rights to due process and equal protection. *Id.* at 25.[1] They contend that:

> The Plaintiffs – jail personnel—are not random members of the public but instead, a[re] Detention Officers, Deputies, medical staff, and administrative staff of the jail and its facilities. It is foreseeable and known to the Defendants, independently and collectively, that Plaintiffs would be exposed to the serious and avoidable health and safety risks created by Defendants' policies of deliberately understaffing the Harris County jail facilities through intentional refusal to provide adequate finding thereby creating gaps in coverage by reducing manpower, increasing serious threats of harm without sufficient personnel to perform the basic functions required by law that is non-discretionary, thereby knowingly increasing the risks to Plaintiffs collectively through inadequate funding and refusal to hire [] sufficient staff to operate the jail facilities to protect the inmates.

Doc. No. 25 at 27-28 ¶ 129. Plaintiffs allege that Defendants have violated their Fourteenth Amendment rights and have acted *ultra vires* of their duties under state law by failing to fund and staff the Jail, posing a state-created danger to them.

As explained at length in the Court's April 2022 Memorandum and Order, the Fifth Circuit has consistently refused to recognize a "state-created danger" theory of liability. *See Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 853 (5th Cir. 2012) (*en banc*); *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 422 (5th Cir. 2006); *Beltran v. City of El Paso*, 367 F.3d 299, 307 (5th Cir. 2004); *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 249 (5th Cir. 2003); *Piotrowski*, 237 F.3d at 584; *see also* Doc.

---

[1] Plaintiffs cursorily allege that the state-created danger violates their equal protection rights in addition to their due process rights. Doc. No. 25 at 25. The Court previously explained that they failed to plead facts to show a valid equal protection claim in their Original Complaint. *See* Doc. No. 20 at 25-27. Plaintiffs' Amended Complaint does not cure this defect; they plead no facts to show a violation of their equal protection rights. Therefore, their equal protection claim must be dismissed for failure to state a claim for which relief may be granted.

No. 20 at 19-25 (explaining that the Plaintiffs fail to state a claim under the state-created danger theory).

Nonetheless, Plaintiffs argue that, since they are "only" seeking injunctive and declaratory relief, the Fifth Circuit cases that reject the state-created danger theory do not apply. *See* Doc. No. 33 at 11. Plaintiffs appear to contend that they need not meet the requirements for their Fourteenth Amendment claims because they only seek injunctive relief and not monetary relief. Contrary to their contentions, Plaintiffs must show a violation of federal law to obtain *any* relief – injunctive, declaratory, or monetary – under section 1983. *See Cantu Servs., Inc. v. Roberie*, 535 F. App'x 342, 345 (5th Cir. 2013) (holding that the plaintiff must show a constitutionally protected interest that is being infringed by the defendants in order to obtain injunctive relief under section 1983); *Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565, 1574 (5th Cir. 1989) (holding that "an underlying constitutional or statutory violation is a predicate to liability under § 1983"); *see also Strickland v. Dallas Indep. Sch. Dist.*, Civ. A. No. 3:22-CV-0056-D, 2022 WL 3081577, at *4 n.9 (N.D. Tex. Aug. 3, 2022) (slip copy) ("[T]he question the court must decide is whether the plaintiffs have plausibly pleaded their due process claim, and Fifth Circuit case law analyzing the requirements of such a claim is controlling. **The precise relief that plaintiffs seek is not relevant to this inquiry**.") (emphasis added).

The Court fully considered Plaintiffs' due process and equal protection claims based on a state-created danger theory in its previous order and concluded that Plaintiffs cannot state a plausible claim under that theory. *See* Doc. No. 20 at 19-25. Plaintiffs also fail to state a viable federal claim predicated on a state-created danger theory in their First

Amended Complaint. Therefore, Claim 1 must be dismissed for failure to state a claim for which relief may be granted.

### 2. Fourteenth Amendment Understaffing/Abusive Work Environment

Likewise, as explained in the Court's previous Order, Plaintiffs do not have a protected liberty or property interest in a safe working environment and cannot maintain a due process claim on that basis. *See Collins v. City of Harker Heights*, 503 U.S. 115, 129 (1992)). "Neither the text nor the history of the Due Process Clause supports [plaintiffs'] claim that the governmental employer's duty to provide its employees with a safe working environment is a substantive component of the Due Process Clause." *Id.* at 126; *see also Carty v. Rodriguez*, 470 F. App'x 234, 236 n.5 (5th Cir. 2012). In this circuit, "a government employer does not violate the Due Process Clause of the Fourteenth Amendment even if it provides a workplace that is unreasonably dangerous and fails to warn its employees of the danger." *Greene v. Plano Indep. Sch. Dist.*, 103 F. App'x 542, 544-45 (5th Cir. 2004) (explaining that even if it were to recognize the state-created danger theory, it would not apply in the government workplace context for dangerous working conditions).

Governmental employees, who work voluntarily, do not have the "special relationship" required to impose liability under section 1983. *See Broussard v. Basaldua*, 410 F. App'x 838, 839 (5th Cir. 2011) (per curiam) (rejecting a jailer's claims against the Sheriff and Warden for creating an unsafe work environment when an inmate assaulted her and holding that there is no substantive due process right to a safe work environment)

(citing *Walton v. Alexander*, 44 F.3d 1297, 1300-01 (5th Cir. 1995) (*en banc*)). Therefore, Plaintiffs' Claim 2 fails as a matter of law and must be dismissed.

### 3. *Ultra Vires* Failure to Fund and Noncompliance with TCJS

Plaintiffs complain that the Defendants act *ultra vires* by not properly funding the Jail (Claim 3) and by failing to comply with the TCJS (Claim 6), in violation of Texas state law. To the extent that the Plaintiffs cast their *ultra vires* claims as federal claims, "[a]llegations that [defendants] violated state law are 'alone insufficient to state a constitutional claim under the Fourteenth Amendment.'" *Bryan v. Cano*, No. 22-50035, 2022 WL 16756388, at *4 (5th Cir. Nov. 8, 2022) (citing *FM Props. Operating Co. v. City of Austin*, 93 F.3d 167, 174 (5th Cir. 1996)). The Fifth Circuit recently reiterated that "[t]o hold otherwise would 'improperly bootstrap state law into the Constitution.'" *Id.* (quoting *Stern v. Tarrant Cnty. Hosp. Dist.*, 778 F.2d 1052, 1056 (5th Cir. 1985) (*en banc*)). Therefore, the federal claims based on the alleged *ultra vires* actions of Defendants in violation of state law fail as a matter of law. Claims 3 and 6, to the extent they are pleaded as federal claims, must be dismissed.

### 4. Due Process Claim for Negative Employment Decisions

In Claim 4, Plaintiffs claim that they are being denied due process in connection with Defendant Edward Gonzalez's alleged "pattern and practice of intentionally negatively branding employees seeking to find new employment as not being eligible for rehire [and/or] providing a less [th]an honorable F-5." Doc. No. 25 at 36. They claim that these actions "are taken without any due process provided and or any opportunity to be heard by an employee prior to the taking of [and/or] destruction of an employee's good

name." *Id.* They further allege that when they provide notice of their intent to retire, leave, or request a transfer, they are notified that they are under investigation for purported policy violations, and if the employee leaves, he will be branded as "not eligible for rehire" or given a dishonorable F-5 discharge. *Id.* at 37. They also claim that Defendant Gonzalez imposed disciplinary measures against them without notice and an opportunity to be heard prior to the imposition of those measures. *Id.*

"A public employee, even an at-will employee, has a constitutional right to notice and an opportunity to be heard when the employee is 'discharged in a manner that creates a false and defamatory impression about him and thus stigmatizes him and forecloses him from other employment opportunities.'" *Bellard v. Gautreaux*, 675 F.3d 454, 461–62 (5th Cir. 2012) (quoting *Bledsoe v. City of Horn Lake,* 449 F.3d 650, 653 (5th Cir. 2006)). To state a claim for stigma-plus-infringement in the Fifth Circuit, a government employee must plead facts to show: "(1) [the employee] was discharged; (2) stigmatizing charges were made against [the employee] in connection with the discharge; (3) the charges were false; (4) [the employee] was not provided notice or an opportunity to be heard prior to the discharge; (5) the charges were made public; (6) [the employee] requested a hearing to clear his name; and (7) the employer denied the request." *Id.* (quoting *Bledsoe*, 449 F.3d at 653).

Plaintiffs do not plead specific facts to show that they were actually discharged (as opposed to being threatened with discharge) under stigmatizing charges or that such charges were false or made public. In addition, Plaintiffs plead no facts to show that those who were actually discharged under the allegedly stigmatizing charges requested a hearing

to clear their names and were denied such a hearing after those charges were imposed. Plaintiffs also do not specify the disciplinary measures to which they were subjected, and instead use vague, conclusory pleadings that lack specific facts that do not suffice to show a violation of their procedural due process rights or other federal claims regarding the procedures used in connection with their separation, retirement, or transfer from the Harris County Sheriff's Office. *See Iqbal*, 556 U.S. at 678 (holding that a complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" does not suffice to state a plausible claim for relief) (quoting *Twombly*, 550 U.S. at 555). Therefore, Claim 4 must be dismissed.

### 5. Fifth Amendment "Takings" Claim

In Claim 5, Plaintiffs claim that they "are in possession of certain skills, specialized knowledge, and specialized expertise regarding jail operations which constitute Plaintiffs' property." Doc. No. 25 at 38. They allege that they have earned certain property rights in their accumulated pay benefits and other benefits based on the fruits of their labors. *Id.* They acknowledge that they are at-will employees but contend that they have a statutory right in their continued employment that cannot be taken away without "just cause." *Id.*

Plaintiffs claim that they are "cloaked with protected working conditions that are part of their specialized rights to ensure protection from harm from inmates." *Id.* Plaintiffs assert that Defendants' "intentional acts of controlling and manipulation of Plaintiffs earned benefits, notwithstanding the creation of such an abusive work atmosphere and

demanding that Plaintiffs work in such conditions constitutes a taking of Plaintiffs' property where there is no 'just compensation' for that property." *Id.* at 39. They claim, without any elaboration, that Defendants "are essentially taking Plaintiffs earned benefits and accrued leave without just compensation and extending the time for employees' ability to use such time to become meaningless for the use of employees for the maintenance of the employee's mental health [and/or] ability to care for an employee's children or family." *Id.* at 22. Plaintiffs argue that Defendants' "conduct of failing to perform their ministerial duties of minimum funding for safe jail operations" takes away Plaintiffs' statutory protections. *Id.* at 39.

To the extent that Plaintiffs argue that they have a property interest in being protected at work, their takings claim in Claim 5 is an attempt to repackage their failed state-created danger due process claim in Claim 1 and their unsafe/abusive work environment claim in Claim 2. The Takings Clause of the Fifth Amendment, applicable to the States through the Fourteenth Amendment, guarantees that private property shall not "be taken for public use, without just compensation." U.S. CONST. amend. V; *see also Knick v. Township of Scott, Pa.*, 139 S. Ct. 2162, 2170 (2019). Axiomatically, a takings claim requires that the claimant have some private property taken by the government for public use. In that regard, "'if a government action is found to be impermissible . . . that is the end of the inquiry.'" *Lafaye v. City of New Orleans*, 35 F.4th 940, 943 (5th Cir. 2022) (quoting *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 543 (2005)). In other words, the "plaintiff must challenge an action that would have been legal if only it had been compensated." *Id.* (citing *Knick*, 139 S. Ct. at 2168).

Setting aside the fact that Plaintiffs' takings claim rests on a dubious claim of "property" in the right to be free from an abusive work atmosphere and free from the "manipulation" of their benefits through scheduling and other allegedly abusive practices,[2] Plaintiffs claim that Defendants, through their *ultra vires* actions by failing to perform their ministerial duties, have taken that property. Their pleadings belie a takings claim because they allege that Defendants' actions are not legal. This ends the inquiry regarding Plaintiffs' takings claim. *See Lafaye*, 35 F.4th at 943.

In addition, Plaintiffs' vague allegations that they are not allowed to use their leave time to care for family members is conclusory and does not provide facts to state a claim for relief. They mention the FLSA and FMLA[3] in passing in their response to summary judgment, (Doc. No. 33 at 14), but wholly fail to provide any facts from which a plausible claim regarding either of those statutes may be discerned. Therefore, Claim 5 must be dismissed.

---

[2] Plaintiffs acknowledge that they are at-will employees. Doc. No. 25 at 38. "The Fourteenth Amendment's Due Process Clause does not create a property interest in government employment." *Cabrol v. Town of Youngsville*, 106 F.3d 101, 105 (5th Cir. 1997). As at-will employees, they do not have a protected property interest in their continued employment under the Fourteenth Amendment's Due Process Clause. *Rodriguez v. Escalon*, 90 F. App'x 776, 778 (5th Cir. 2004). Further, as explained in the discussion regarding Claim 2, Plaintiffs do not have a property interest in a safe work environment. *See supra* at 8-9 (citing *Collins*, 503 U.S. at 126). Thus, Plaintiffs also fail to plead a valid property interest that was subject to a government taking.

[3] The *sole reference* in the First Amended Complaint to the FMLA is in the context of Chief Shannon Herklotz's blaming the inability to transition to 4 12-hour shifts on employees, like Plaintiffs, "who previously utilized their accrued legal benefits such as sick time or FMLA." Doc. No. 25 at 21. The only time FMLA is mentioned concerns the legal use of Plaintiffs' benefits. The FLSA is never mentioned in the First Amended Complaint. Plaintiffs do not plead facts in the First Amended Complaint to support a claim under either the FMLA or FLSA.

B.  **State Law Claims**

As explained above, Plaintiffs have not stated a plausible federal claim in their First Amended Complaint.[4] In the absence of a viable federal claim or complete diversity of citizenship of the parties,[5] the Court declines to exercise supplemental jurisdiction over any state *ultra vires* claims. *See Broussard*, 410 F. App'x at 840 (holding that the district court was correct to decline to exercise jurisdiction over the state law claims where, as here, there was no federal question because no federal claims remained); 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to retain the state law claims where the federal claims have been dismissed). "District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed." *Heggemeier v. Caldwell Cnty., Tex.*, 826 F.3d 861, 872 (5th Cir. 2016) (citation omitted). Further, the State of Texas has an interest in determining when its officials or officials in its subdivisions are acting *ultra vires* of its own laws, and Texas state courts are best equipped to navigate this complex state-law issue. *See* 28 U.S.C. § 1367(c)(1) (providing that a district court may decline to retain the state law claims where those claims "raise[] novel or complex issue[s] of State law"). For these reasons, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.

---

[4] The Federal Declaratory Judgment Act does not provide a federal court with an independent basis for exercising subject matter jurisdiction where there is no underlying federal claim indicating the existence of a judicially remediable right. *See In re B-727 Aircraft Serial No. 21010*, 272 F.3d 264, 270 (5th Cir. 2001) ("[T]he Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, does not provide a federal court with an independent basis for exercising subject-matter jurisdiction.")

[5] The Plaintiffs and Defendants are citizens of Texas; therefore, no diversity of citizenship exists in this case. *See* Doc. No. 25 at 2.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. Defendants' Motion to Dismiss (Doc. No. 27) is **GRANTED.**

2. Plaintiffs' one-sentence request for leave to amend is **DENIED** because there is no indication in their response or in any other pleadings that they could state a viable federal claim under 42 U.S.C. § 1983, and they do not propose any second amended complaint that cures the deficiencies identified in the Defendants' motion to dismiss or in the Court's previous order. The Court concludes that further amendments would be futile. *See Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378-79 (5th Cir. 2014) (holding that the district court did not abuse its discretion by denying leave to amend where the proposed amended complaint was futile because it again failed to state a viable claim after being given the opportunity to cure defects in the pleadings).

3. This case is **DISMISSED WITH PREJUDICE** regarding the federal claims, and **DISMISSED WITHOUT PREJUDICE** regarding any state law claims for lack of jurisdiction.

4. All other motions, if any, are **DENIED.**

The Clerk will provide a copy of this Order to all parties of record.

SIGNED at Houston, Texas this 17th day of November, 2022.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE